IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORRIS LEE WHITAKER, ) | |
| ) Petitioner, ) | No. C 05-5065 CRB (PR) |
| ) vs. ) | ORDER TO SHOW CAUSE |
| ) JAMES E. HALL, Warden, ) | (Doc # 2) |
| ) Respondent. ) | |

Petitioner, a state prisoner incarcerated at Ironwood State Prison in Blythe, California, has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254. He also seeks to proceed in forma pauperis under 28 U.S.C. § 1915.

**BACKGROUND**

Petitioner was convicted by a jury in the Superior Court of the State of California in and for the County of Santa Clara of criminal threats and assault with a deadly weapon or by means of force likely to produce great bodily injury. The jury found true two allegations that petitioner personally used a deadly weapon and the court found true two prior "strike" allegations, one prior serious felony allegation and three prior prison term allegations. On May 9, 2001, petitioner was sentenced to two concurrent terms of 25 years to life, with a

consecutive aggregate determinate term of eight years for the enhancement allegations. Petitioner was also ordered to pay a restitution fine of $13,200.

On December 20, 2002, the California Court of Appeal struck the enhancement allegation for use of a deadly weapon associated with the assault conviction and remanded the matter for resentencing. It affirmed the judgment of the trial court in all other respects. On March 24, 2003, the Supreme Court of California denied review.

Petitioner also unsuccessfully sought collateral relief from the state courts. On November 2, 2005, the Supreme Court of California denied his final petition for state habeas relief.

## DISCUSSION

A.    Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." Id. § 2243.

B.    Claims

Petitioner seeks federal habeas corpus relief by raising several claims, including various instances of ineffective assistance of counsel, instructional error and prejudicial admission of hearsay evidence. Liberally construed, the claims appear cognizable under § 2254 and merit an answer from respondent. See Zichko v. Idaho, 247 F.3d 1015, 1020 (9th Cir. 2001) (federal courts must construe pro se petitions for writs of habeas corpus liberally).

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1. Petitioner's request to proceed in forma pauperis (doc # 2) is GRANTED.

2. The clerk shall serve by certified mail a copy of this order and the petition and all attachments thereto on respondent and respondent's attorney, the Attorney General of the State of California. The clerk also shall serve a copy of this order on petitioner.

3. Respondent shall file with the court and serve on petitioner, within 60 days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within 30 days of his receipt of the answer.

4. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within 30 days of receipt of the motion, and respondent shall file with the court and serve on petitioner a reply within 15 days of receipt of any opposition.

5. Petitioner is reminded that all communications with the court must

|   |   |
|---|---|
| 1 | be served on respondent by mailing a true copy of the document to respondent's |
| 2 | counsel.  Petitioner must also keep the court and all parties informed of any |
| 3 | change of address. |
| 4 | SO ORDERED. |
| 5 | DATED:  March 23, 2006 |

CHARLES R. BREYER
United States District Judge